**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAYMOND E. WASHINGTON, | : | |
| Petitioner, | : | Civil No. 12-303 (RBK) |
| v. | : | |
| DONNA ZICKEFOOSE, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

**RAYMOND E. WASHINGTON**, Petitioner pro se
F.C.I. Fort Dix
#03625-068
P.O. Box 2000
Fort Dix, N.J. 08640

**JOHN ANDREW RUYMANN**, Attorney for Respondents
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, N.J. 08608

**KUGLER**, District Judge

　　Petitioner Raymond Washington ("Petitioner"), currently confined at F.C.I. Fort Dix in Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 regarding sentence reduction for participation in the Bureau of Prisons ("BOP")'s Residential Drug Abuse Program ("RDAP"). For the reasons expressed below, the Court will deny the petition.

**I. BACKGROUND**

Petitioner initially filed his petition in the United States District Court for the Eastern District of Pennsylvania. (Docket Entry No. 1.) He is seeking a reduction of one year from his current sentence of 41 months for a violation of supervised release, based on his anticipated completion of the RDAP. He states that he is being denied the year off his sentence because of a prior weapons charge that had been vacated by the Third Circuit but the pre-sentence report had not been updated correctly to reflect that the charge had been vacated.

The Eastern District of Pennsylvania transferred the petition to the Southern District of New York, which transferred it to this Court. (Docket Entry Nos. 4, 6.) Before this Court, Petitioner filed an amended petition. (Docket Entry No. 9.) In his amended petition, Petitioner raises the same claim as in his initial petition, as well as the additional claim that when he completes the RDAP program at Fort Dix, he will only be given a six month sentence reduction, even though the BOP is permitted to give up to a year.

In their Answer, Respondents argue that Petitioner's claim that he was incorrectly denied a sentence reduction for completing the RDAP due to a vacated prior conviction is moot because subsequent to Petitioner filing his petition, the BOP reconsidered its decision and determined that Petitioner would be

2

eligible for a reduction.  Respondents further argue that Petitioner's claim that he should receive one year instead of six months is unexhausted, unripe and without merit.

## II. DISCUSSION

### A. Legal Standard

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B. Analysis

### 1. Claims Regarding Denial of Early Release Incentive

To the extent Petitioner intended to raise a claim regarding the BOP's refusal to allow him any early release incentive for completing the RDAP based on a prior conviction, said claim appear to be moot.

On February 1, 2012, the BOP reconsidered Petitioner's eligibility and found that Petitioner is eligible for a sentence reduction upon completion of the program.  (Resp't's Br., Decl. of Christina Ganz ¶ 4.)  As such, any claim that Petitioner may

have concerning his ineligibility for a sentence reduction upon complete of the RDAP is dismissed as moot.[1]

## 2. Claims Regarding a One Year Reduction

It appears that the other claim raised by Petitioner relates to the BOP's decision to give him only a six month sentence reduction upon completion of the RDAP.

### a. Exhaustion of Administrative Remedies

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9

---

[1] Federal courts are not empowered to decide moot issues. See U.S. Const. art. III, § 2, cl. 1.; Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971)). To avoid mootness, a controversy must exist at all stages of review. See id. (citing New Jersey Turnpike Auth. v. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)).

Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  See id.  Appeal to the General Counsel is the final administrative appeal.  Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

According to the BOP's records, Petitioner has not filed any administrative remedies regarding the six month sentence reduction. (Resp't's Br., Decl. of Tara Moran ¶ 5.)

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing

5

agencies the opportunity to correct their own errors fosters administrative autonomy.  Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, at *2 (E.D.Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

   Here, Petitioner has not attempted to exhaust administrative remedies with regard to the six month reduction issue.  Further, Petitioner has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would be futile or that requiring exhaustion would subject Petitioner to "irreparable injury."  As such, this claim must be dismissed for failure to exhaust.

**2. Merits**

   In the alternative, this claim would also be denied on the

6

merits.

At the outset, Petitioner has not completed the program and is currently on the waiting list. (Resp't's Br. 2.) Therefore, at this time, it is unclear if Petitioner will ever even meet the requirements necessary to receive the sentence reduction. Moreover, Petitioner has no due process liberty interest in early release following his completion of RDAP. Pursuant to Title 18 of the United States Code, Section 3621(e), and as an incentive for prisoners' successful completion of substance abuse treatment, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). To complete the BOP treatment program, and therefore to become eligible for early release, an inmate must complete all phases of the treatment program. See 28 C.F.R. §§ 550.53, 550.55.

Based upon a review of the petition and record, it is not entirely clear as to why Petitioner believes he will only receive a six month early release incentive if and when he completes the RDAP. Nevertheless, Petitioner's due process rights would not be implicated because he has no liberty interest in a sentence reduction under Section 3621(e). See Richardson v. Joslin, 501 F.3d 415, 419-20 (5th Cir. 2007); Rublee v. Fleming, 160 F.3d

213, 217-18 (5th Cir. 1998), cited with approval by Becerra v. Miner, 248 Fed. App'x 368, 370 (3d Cir. 2007); Hugel v. Bledsoe, No. 08-1050, 2009 WL 1406252, at *4 (M.D.Pa. May 18, 2009); Marine v. Quintana, No. 08-333, 2009 WL 1065915, at *11 (W.D.Pa. Apr.20, 2009).  The Due Process clause itself does not create a liberty interest in early release under Section 3621(e) because requiring Petitioner to serve the remainder of his original sentence "is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'"  Richardson, 501 F.3d at 419-20; see Becerra, 248 Fed. App'x at 370.

   Nor does Section 3621(e) create a liberty interest, because the determination whether to release a particular inmate is left to the discretion of the BOP.  See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons ..."); see Lopez v. Davis, 531 U.S. 230, 241, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.")  There is not the necessary mandatory language in Section 3621(e) and so Petitioner has no statutory right to early release under Section 3621(e).  See Douvos v. Quintana, 382

F. App'x. 119, 122 (3d Cir. 2009)("Use of the word 'may' suggests that Congress intended to give the BOP some discretion in administering the statute, even when an inmate has completed the program.  Here, [Petitioner] had only a provisional eligibility for halfway house placement and sentence reduction because he did not complete the program.  Since [Petitioner] made no showing that he has a protected interest under § 3621(e)(2)(B)..."); Meachum v. Fano, 427 U.S. 215, 226-28, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (holding that a statute which grants the prison administration discretion does not confer a right on an inmate).

Therefore, any claim with regard to a right to time to be deducted from his sentence if and when Petitioner completes the program is without merit and is denied.

### III. CONCLUSION

For the reasons stated above, the petition is denied without prejudice.  An appropriate order follows.

Dated: October 23, 2012

                                           s/Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge